# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY WHITNEY, | Case No.: 1:11-cv-01036-JLT HC |
| Petitioner, | ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED AS CONTAINING UNEXHAUSTED CLAIMS |
| v. | |
| RAUL LOPEZ, | ORDER DIRECTING PETITIONER TO FILE A RESPONSE WITHIN THIRTY DAYS |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

In his petition, filed on June 22, 2011 (Doc. 1), Petitioner alleges, inter alia, that his federal constitutional rights to due process and equal protection were violated by the 2010 enactment of a California law altering the amount of credits Petitioner is able to earn while assigned to the Secure Housing Unit ("SHU"). Petitioner alleges that, as a result of this change in California law, his SHU incarceration will result in a significant delay in his eligible parole date. (Id.).

A preliminary review of the Petition, however, suggests that all of Petitioner's claims may be unexhausted.

A. <u>Preliminary Review of Petition</u>.

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.  The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  <u>Herbst v. Cook</u>, 260 F.3d 1039 (9th Cir.2001).

B. <u>Exhaustion</u>.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  <u>Coleman v. Thompson</u>, 501 U.S. 722, 731 (1991);  <u>Rose v. Lundy</u>, 455 U.S. 509, 518 (1982); <u>Buffalo v. Sunn</u>, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. <u>Duncan v. Henry</u>, 513 U.S. 364, 365 (1995); <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971); <u>Johnson v. Zenon</u>, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis.  <u>Duncan</u>, 513 U.S. at 365 (legal basis); <u>Kenney v. Tamayo-Reyes</u>, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim.  <u>Duncan</u>, 513 U.S. at 365-66; <u>Lyons v. Crawford</u>, 232 F.3d 666, 669 (9th Cir. 2000), *amended*, 247 F.3d 904 (2001); <u>Hiivala v. Wood</u>, 195 F.3d 1098, 1106 (9th Cir. 1999); <u>Keating v. Hood</u>, 133 F.3d 1240, 1241 (9th Cir. 1998).  In <u>Duncan</u>, the United States Supreme Court reiterated the rule as follows:

In <u>Picard v. Connor</u>, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state

remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted).  If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

In this case, Petitioner alleges that he did not file a direct appeal from his 2008 conviction in the Monterey County Superior Court based on a guilty plea.  (Doc. 1, pp. 2; 35).  In the space where Petitioner may indicate whether he has filed, other than his direct appeal, any other "petitions, applications, or motions with respect to this conviction, commitment, or issue in any court," he has indicated "no."  (Id., p. 36).  In the documents attached to the petition, Petitioner has included the decisions by prison authorities in various administrative appeals he pursued as well as the decision of the Monterey County Superior Court denying his state habeas petition brought on the same grounds as in the instant petition.  (Id., pp. 52-60).  However, Petitioner does not allege, nor does he include in the petition any documents establishing, that he has presented these issues to the California Supreme Court, thus exhausting them for federal review.

From the foregoing, the Court concludes that Petitioner has not presented any of his claims to the California Supreme Court as required by the exhaustion doctrine.  The Court must dismiss a petition that contains unexhausted claims, even if it also contains exhausted claims.

3

1 Rose, 455 U.S. at 521-22, 102 S.Ct. at 1205; Calderon v. United States Dist. Court (Gordon),
2 107 F.3d 756, 760 (9th Cir. 1997) (en banc) *cert. denied*, 118 S.Ct. 265 (1997).  ***More
3 importantly, the Court cannot consider a petition, such as the instant petition, that is entirely
4 unexhausted***.  Rose, 455 U.S. at 521-22;  Calderon, 107 F.3d at 760.

5      Petitioner will be ordered to show cause why the Petition should not be dismissed for
6 failing to exhaust state court remedies.  Should it be the case that the claims in the instant petition
7 were exhausted, i.e., presented to the California Supreme Court, Petitioner should make clear
8 when and in what court the claims were raised.  If possible, Petitioner should present to the Court
9 documentary evidence that the claims were indeed presented to the California Supreme Court.[1]

10      Accordingly, the Court HEREBY ORDERS:

11     1.    Petitioner is ORDERED TO SHOW CAUSE within thirty (30) days of the date of
12         service of this Order why the Petition should not be dismissed for failing to
13         exhaust state court remedies.

14 Petitioner is forewarned that his failure to comply with this order may result in a
15 Recommendation that the Petition be dismissed pursuant to Local Rule 110.

17 IT IS SO ORDERED.

18 Dated:  **June 30, 2011**             **/s/ Jennifer L. Thurston**
                                          UNITED STATES MAGISTRATE JUDGE

---

[1] A copy of the California Supreme Court's denial <u>alone</u> is insufficient to demonstrate exhaustion.  The proper documentation to provide would be a copy of the Petition *filed* in the California Supreme Court that includes the claim now presented and a file stamp showing that it was indeed filed in that Court.